95 N.J. Super. 266 (1967)
230 A.2d 545
STANLEY A. BIELAK, PETITIONER,
v.
COUNTIES CONTRACTING AND CONSTRUCTION COMPANY, RESPONDENT.
Superior Court of New Jersey, Monmouth County Court, Law Division.
Decided May 9, 1967.
*268 Mr. Ralph S. Heuser, Jr. for petitioner (Messrs. Heuser & Heuser, attorneys).
Mr. Fred R. Daniels for respondent (Mr. John W. Taylor, attorney).
Mr. Harry R. Cooper for Prudential Insurance Company of America.
*269 FISHER, J.S.C.
Prudential Insurance Company of America (hereafter Prudential) appeals from an order of the Workmen's Compensation Division discharging an order to show cause why a judgment of the Division in favor of Stanley A. Bielak should not be reopened. The matter came before this court, and upon counsel's inability to stipulate facts the matter was remanded to the Workmen's Compensation Division for the taking of proofs, this court retaining jurisdiction. The compensation judge then found facts which are not in dispute, and the matter now comes on for final disposition.
Bielak, petitioner in the proceeding before the Division under claim petition No. E-21422, sustained compensable injuries as a result of an accident while working for Counties Contracting and Construction Company (hereafter Counties) on February 26, 1962. Medical treatment was afforded petitioner through various sources, including hospitalization in the Helene Fuld Hospital. At the time of the accident he was insured under a group hospitalization policy issued by the Prudential. Pursuant to this policy Prudential made certain payments to Bielak.
On June 8, 1962 Bielak filed his petition for workmen's compensation benefits. The matter came on for hearing on May 28, 1963 and was concluded on July 23, 1963. Proofs were taken and an order was entered fixing petitioner's disability as well as providing for certain medical expenses. This order was signed on August 12, 1963.
On July 30, 1962 Prudential wrote to the Liberty Mutual Insurance Company (hereafter Liberty), Counties' carrier, referring to certain payments made to Bielak under its group policy of insurance. Liberty then made payments in accordance with the award on August 23, 1963, and on that date remitted its check in the amount of $1,660.69 to the Helene Fuld Hospital with the request that Prudential be reimbursed.
On October 23, 1963 Prudential wrote Liberty's attorneys requesting reimbursement for payments theretofore made by *270 them. On October 23, 1963 Prudential wrote a letter to petitioner's attorney concerning its claim, and on November 22, 1963 attorneys for respondent wrote to Prudential advising that Liberty had no right to withhold payments under the judgment unless Prudential obtained an order to that effect.
On March 3, 1966 Prudential filed an order to show cause as to why the judgment should not be reopened and the judgment modified to include Prudential's claim. The matter was listed for hearing April 6, 1966, at which time it was adjourned at the request of Prudential and relisted for May 24, 1966. On this date the compensation judge discharged the order to show cause on the ground that the Division was without jurisdiction to grant the relief sought. The order of discharge was dated June 24 and filed with the Division on June 30, 1966.
Liberty continued to make payments of weekly compensation to Bielak up to and including May 28, 1965, which was the date of the final check.
Prudential bases its claim for relief on the fact that under N.J.S.A. 34:15-15.1 it was entitled to have been included in the compensation award; that under N.J.S.A. 34:15-58 the Compensation Division had the power to reopen its own judgment; that notice was never given Prudential that the compensation hearing was to take place, and that because of the fraud on the part of Bielak the judgment should be reopened.
N.J.S.A. 34:15-1 et seq. was designed to afford a statutory basis for relief to those injured in the course of their employment. "In fine, the purpose of the act, with respect to the employer-employee relationship, was to supersede the common law redress in tort cases, and statutory rights consequent upon death by wrongful act, and to substitute therefor a strictly statutory formula for making compensation for the injury or death of an employee." United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 163 (1950). Therefore, since workmen's compensation is entirely a creature of the Legislature, "[t]he right to *271 workmen's compensation rests upon the statute which both creates and measures that right." Flynn v. Union City, 32 N.J. Super. 518, 524 (App. Div. 1954).
A clear guide to follow in the interpretation and construction of the Compensation Act is set out in Everhart v. Newark Cleaning & Dyeing Co., 119 N.J.L. 108 (E. & A. 1937):
"The provisions delimiting the scope of the statute are to be fairly construed to effectuate the evident legislative purpose. Nothing is to be read into the statute by judicial construction because of some supposed reason of policy. The primary subject of inquiry is the legislative intention, as expressed in the statute. The reason and spirit of the act, or, in other words, the apparent legislative intent disclosed by the language employed, considered in relation to the subject of the legislation, prevail over its letter; and there is therefore no warrant, in virtue of the rule of liberal construction, or otherwise, for the inclusion of matters not expressly provided, or reasonably to be implied. The rule of liberal construction lends itself, unless carefully guarded, to the judicial exercise of the legislative power." (at p. 110)
In the present case Prudential is asking this court to go beyond the language of the Compensation Act. N.J.S.A. 34:15-15.1 authorizes the referee in workmen's compensation to incorporate in any award an order requiring the employer or his insurance carrier to reimburse any other insurance company for previous payment of medical, hospital, or surgical expenses. There is no indication that such reimbursement must be incorporated in the award or that the judgment can be reopened to compel such reimbursement. Since there is no statutory relief available to Prudential under N.J.S.A. 34:15-15.1, the contention that Prudential should have been included in the compensation award must fail.
The Division has the power to reopen its judgments under N.J.S.A. 34:15-58. However, the power to reopen is a limited one and in the majority of the cases the moving party was one who had been directly involved in the compensation hearing, such as the employee, Stone v. Dugan Brothers of N.J., 1 N.J. Super. 13 (App. Div. 1948); *272 Estelle v. Board of Education of Borough of Red Bank, 14 N.J. 256 (1954); the employer, Eclipse, etc., Bendix Aviation Corp. v. Minter, 35 N.J. Super. 430 (App. Div. 1955), reversed on other grounds, 24 N.J. 128 (1957), or the employer's compensation carrier, Eclipse, etc., Bendix Aviation Corp. v. Minter, supra.
Further, the statute does not require notice of the compensation hearing to an insurer of the employee who has paid benefits to the employee prior to the compensation hearing. Moreover, Prudential received notice by letter from Liberty to the effect that unless Prudential obtained an order modifying the Division judgment, Liberty would have no choice other than to pay the compensation award to Bielak. This notice was far beyond anything required by statute. Prudential did not respond to the notice until after the compensation award had been paid, approximately two years later.
Prudential also contends that because of the fraud on the part of Bielak in representing to Prudential that the injury was nonoccupational, the judgment should be reopened. In the cases involving the power of the Division to reopen judgments because of fraud, misconduct, inadvertence and the like, the party seeking relief has been limited to one who would have been entitled to receive compensation had he been a party to the original proceedings. See V. v. Long Branch Sewerage Auth., 86 N.J. Super. 56 (App. Div. 1964); Eclipse, etc., Bendix Aviation Corp. v. Minter, supra. Obviously, Prudential was not a party to the original proceedings in the present case and therefore has no standing to claim the fraud of Bielak as a ground for reopening the judgment.
Prudential is not without remedy. It has a cause of action against Bielak personally for the recovery of whatever sums were expended.
This court is in agreement with the compensation judge that the Division was without jurisdiction to entertain this action.
An appropriate order may be submitted.