120 N.J. Super. 60 (1972)
293 A.2d 395
JOHN BENSON, PETITIONER-APPELLANT
v.
COCA COLA COMPANY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1972.
Decided July 11, 1972.
*61 Before Judges CONFORD, MATTHEWS, and FRITZ.
Mr. Lewis J. Weinstein argued the cause for appellant.
*62 Mr. Andrew Lawrie argued the cause for respondent (Messrs. Lawrie, Jennings and Buggeln, attorneys).
PER CURIAM.
The events comprising the factual environment of this workmen's compensation litigation are competently set forth in the opinion of the County Court, and need no further elucidation here. 115 N.J. Super. 585 (Cty. Ct. 1971).
As appears from the opinion below, the injured workman in this case reported to the employer's clinic with substantial complaints. After an examination, the employer's physician offered diathermy, heat treatment, muscle relaxants, and pain relievers. The employee
* * * did not give [the employer's physician] the opportunity to provide him with any treatment of any kind, nor did he tell the doctor that he thought he needed medical attention other than heat treatment. Instead, petitioner conveyed his feelings to a technician at the clinic, who informed him that the clinic could not authorize his going to another doctor, but could not stop him either. [115 N.J. Super. at 588]
Petitioner later, and without authorization from the employer, sought and obtained medical treatment for which he now seeks reimbursement. The statute involved is N.J.S.A. 34:15-15.
The employer's suggestion on this appeal is that the offering of treatment was sufficient compliance with the statute that the limitation of the first paragraph of that statute should apply, the petitioner not having received authorization for other treatment from the employer or the Division of Workmen's Compensation. Implicit, if not express, in this argument is the suggestion that under such circumstances a petition for further medical treatment must be filed with the Division of Workmen's Compensation and a determination had thereon if the employer's liability therefor is not to be limited to the $50 for physicians' or surgeons' services and $50 for hospital services or appliances as set *63 forth in the first paragraph of the statute. Petitioner disputes this proposition, and while he acknowledges that under most circumstances some demand or request is necessary, claims that under the circumstances here involved the employer is obligated to reimburse him for his medical expenses. He urges additionally that the nature of the treatment required by the statute to be provided (and therefore the adequacy of the treatment offered), together with its reasonable necessity and its relationship from a causality standpoint to the employment, may properly be determined from a "hindsight" or after-the-fact appraisal of the medical facts as they existed at the time.
This quarrel presents two important questions of law, apparently not heretofore determined by an appellate court in New Jersey. We are asked to decide (a) whether N.J.S.A. 34:15-15 requires an injured employee who has been offered some treatment by an employer to file a petition with the Division of Workmen's Compensation if he is to avoid a limitation of the employer's liability for treatment; and if not, (b) whether so-called "hindsight" review may be utilized to determine the nature of proper treatment and to measure the reasonable necessity for treatment and its relationship to the employment, conditioned upon there having been an appropriate demand and refusal. The second question necessitates some exploration of that which constitutes an appropriate demand or request for medical treatment.
We are satisfied that the first of these questions must be answered in the negative. It appears to us that the intent of the legislature in providing mechanics for the filing of a petition for medical services as set forth in the first paragraph of the cited statute did not extend beyond sanctioning a determination of responsibility for medical services prior to a determination of disability and detailing a manner in which this might be done. Otherwise, the additional provision of the second paragraph of the statute and the limitation therein, relating to the necessity for a request by the employee before an employer is responsible for reimbursement *64 of the employee's expenditures, would be meaningless. A construction that will render any part of the statute inoperative, superfluous or meaningless is to be avoided. State v. Sperry & Hutchinson Co., 23 N.J. 38, 46 (1956). Additionally, it is now beyond cavil that the beneficent social purposes of workmen's compensation legislation are to be reflected by the benefits of liberal construction in the petitioner's favor. Close v. Kordulak, 44 N.J. 589, 604 (1965). In this latter respect, we are certain that the legislature did not intend, in the nonemergent situation where immediate treatment is nonetheless indicated, to relegate the workman to the slow grinding mills of the judicial process in the Division of Workmen's Compensation. (Compare the exceptions to certain statutory requirements with respect to the emergent and unusual situation, set forth in the second paragraph of the statute.) Assurances by the employer here in its brief that such matters are expedited do not alter our view as to that which the legislature intended by the statute.
The legislation clearly provides that upon refusal or neglect of the employer to provide adequate and proper medical treatment  "as shall be necessary to cure and relieve * * * and to restore"  the employee may either file a claim petition or, after a request to the employer, seek his own treatment at the employer's expense. The filing of a claim petition is not a sine qua non. Cf. Quiles v. N.J. Metals Co., 37 N.J. 91, 103 (1962).
An appropriate demand or request for treatment is required by the statute and this for the obvious reason that the employer should not be burdened with paying for treatment by others without having a fair opportunity to provide adequate treatment in the first instance. It is clear that if there is no demand, there is no liability. This requirement of a demand or request admits of one exception: where such a request would be futile, it is unnecessary that the formality be accomplished. See Bobertz v. Hillside, 126 N.J.L. 416, 417 (E. & A. 1941); D'Amico v. General Elec. Supply *65 Co., 16 N.J. Super. 472 (Cty. Ct. 1951), aff'd 22 N.J. Super. 199 (App. Div. 1952), aff'd o.b. 12 N.J. 607 (1953).
Such a rule answers the employer's argument here that a result in this case adverse to its contentions is tantamount to free choice of phyician. The employer points out that not only is such free choice contrary to statute, but the legislature has expressly refused to consider and pass "free choice" legislation despite its persistent and perennial reappearance in the legislative chambers. We agree that free choice of physician is repugnant to legislative intent in New Jersey. But under the rule we here enunciate, the choice of physician is not free to the workman until after the employer's refusal or neglect to provide the treatment required by statute. In such a circumstance the free choice of physician which eventuates to the workman is imposed neither by statute nor by our law, but rather is offered by the employer itself in its refusal or neglect to comply with its obligation. We find this to be contrary to no statute, and completely concordant with legislative intention and public policy.
It is thus to be seen that with respect to questions such as those here presented, the facts as to whether there was a demand, and if not, whether its absence is excused by futility, become crucial.
The employer also points up the fact that in this case there was not only no proper demand or request for medical treatment, but that there was a refusal of proffered treatment. The petitioner insists that the proffered treatment was inadequate, and that such a proffer is, in itself, indicative of the futility of a demand. Beyond this, the adequacy of the proffered treatment is significant to whether the employer did in fact refuse or neglect to provide treatment, because inadequate treatment may be equated with a refusal or neglect to provide the treatment required by the statute, i.e., adequate treatment. Thus it is seen that a finding as to the adequacy of the proffered treatment is also crucial.
In this latter respect, we are satisfied as well that the nature of the treatment required by the statute and its reasonable *66 necessity (or the adequacy of treatment given or offered, if any) may be measured on a post hoc appraisal of the medical facts. White v. Workmen's Compensation Appeals Board, 270 Cal. App.2d 447, 75 Cal. Rptr. 809 (1969). Larson notes the difficulty which arises when there is a difference of opinion between the employer and employee as to the nature of treatment. He suggests, cogently we believe, "One way to settle this kind of controversy is to let the result turn on whose diagnosis proved to be right." 2 Larson, Workmen's Compensation Law § 61.12, p. 88.243.
An erroneous, incomplete, or improper diagnosis at the time of the occurrence or a proffer of less than adequate treatment should not serve to defeat the employee's absolute right to proper medical treatment to cure or alleviate the results of a compensable accident, no matter how good the intentions of the employer or the quality of its good faith in arriving at its judgment in the record. As is pointed out in Zeeb v. Workmen's Compensation Appeals Board, 67 Cal.2d 496, 62 Cal. Rptr. 753, 432 P.2d 361 (1967),
* * * The employer's refusal to provide adequate and necessary medical care, whether or not in good faith, may impose a great hardship upon an employee, who due to the injury frequently is without funds to properly support himself and his family or is without funds to obtain the necessary care. [62 Cal. Rptr. at 756, 432 P.2d at 364]
There is no question but that the duty to provide adequate and proper medical treatment is upon the employer and is absolute. De Asio v. Bayonne, 62 N.J. Super. 232, 237 (App. Div. 1960), certif. den. 33 N.J. 386 (1960). As a matter of practicality, it is the employer (or its physician) that is generally in a position far superior to that of the injured individual to determine what constitutes proper treatment. The social policy inherent in our workmen's compensation legislation can only be served by imposing on the employer the right-wrong risk when it makes its decision as to the nature and amount of treatment to be provided in compliance with the statute.
*67 Applying the foregoing to the matter at hand, it is to be seen that the decision of the County Court is infirm in its lack of findings in the two crucial areas pointed out above. Inasmuch as the County Court predicated its determination on a conclusion "that the statute reposes no discretion in the injured employee to seek independent medical assistance and that the outside medical treatment and hospitalization was unauthorized, considering the employer's prompt offer to render treatment which petitioner rejected," (115 N.J. Super. at 592), we do not know what its finding would have been, under the evidence in this case, with respect to whether a demand for treatment beyond that offered would, in fact, have been futile. The inquiry becomes significant only if it is also to be found that the proffered treatment was inadequate, an affirmative finding of which may be equated, as we have said, with the refusal or neglect to treat, contrary to statute. We acknowledge the observation in the County Court opinion, 115 N.J. Super. at 591, that a comparison of services necessary as a foundation for a finding with respect to the adequacy of treatment was precluded by petitioner's instant rejection of the medical treatment offered. We disagree with this postulate. There is testimony with respect to the treatment offered as well as medical proof which if credited would indicate the petitioner in fact needed immediate hospitalization. There is testimony with respect to the treatment actually had. The question becomes whether there is testimony sufficient to spell out a reasonable necessity for the treatment had, under the "hindsight" rule, and a refusal by the employer to furnish that treatment or, from a standpoint of adequacy, its equivalent.
Accordingly, we remand to the County Court for findings and conclusions with respect to whether a further demand would have been futile, and thereby not necessary under the statute, and if so, whether the treatment offered was inadequate and that procured by the employee was reasonably necessary to cure and relieve the workman of the effects of the injury and to restore function where restoration was *68 possible. If any of these inquiries is answered in the negative, the employer is entitled to a judgment of dismissal. Otherwise, petitioner should prevail. An accordant judgment may then be entered in the County Court. We do not retain jurisdiction.