Fred GOODMAN, Plaintiff-Appellee,

v.

OLIVER SPRINGS MINING CO., INC., and Old Republic Insurance Co., Defendants-Appellants.

Supreme Court of Tennessee.

Feb. 25, 1980.

Frank Q. Vettori, O'Neil, Parker & Williamson, Knoxville, for plaintiff-appellee.

Key, Lee & Layman, Knoxville, for defendants-appellants.

## OPINION

BROCK, Chief Justice.

This is a dispute over the liability for payment of post-trial medical expenses under the Workmen's Compensation Law. This case was originally tried on May 25, 1973, and resulted in a finding that the plaintiff, Fred Goodman, was totally and permanently disabled from coal workers' pneumoconiosis. The trial court also found that this occupational disease arose out of and in the course of the plaintiff's employment with the defendant, Oliver Springs Mining Co., Inc. Mr. Goodman was awarded permanent disability benefits, medical expenses to the time of trial, and "continued medical expenses incident to the treatment of his coal workers' pneumoconiosis to the extent applicable under the Workmen's Compensation Law." The judgment was not appealed and, therefore, became final.

On July 19, 1974, the plaintiff filed a motion to enforce his judgment in order to require the defendants to pay medical expenses incurred since the trial. This motion was not heard until October 2, 1978, at which time the trial court awarded the plaintiff medical expenses in the sum of $3,989.42. The trial court specifically awarded Mr. Goodman $1,276.56 in expenses resulting from treatment by Dr. William K. Swann. It was further ordered that the plaintiff is entitled to reimbursement for future medical treatment by Dr. Swann. The defendants have appealed, asserting that the plaintiff's doctor is not one of the three physicians designated by the defendants pursuant to T.C.A., § 50–1004, and that, therefore, the plaintiff is not entitled to recover the $1,276.56 for physicians' expenses.

The proof reveals that Dr. Swann first treated the plaintiff for pneumoconiosis in

October of 1972. Mr. Goodman did not inform his employer that he needed compensable medical attention at the time because he was not aware that he had pneumoconiosis. He consulted Dr. Swann because he had received previous treatment from him for what the plaintiff described as "a bad case of the flu."

The original judgment, entered on August 13, 1973, awarded the plaintiff $421.00 for treatment by Dr. Swann. On October 13, 1973, a letter written by an adjuster for the defendant, Old Republic Insurance Company, advised the plaintiff's attorney that Mr. Goodman would now have to choose one of three listed chest specialists in order to recover future physicians' expenses. By letter dated October 18, 1973, the plaintiff's attorney responded to this demand. The following is a pertinent excerpt from that letter:

"Thank you for your letter of October 17th regarding medical treatment for Fred Goodman. Your client refused to furnish Mr. Goodman any medical attention for more than a year. During this time, he was under the care of Dr. William K. Swann, an eminent thoracic surgeon. He continues to have a lot of trouble and it was necessary for Dr. Swann to again hospitalize him since the trial of this case. It does not seem right to force him after this long a period to start again with another doctor. He would be required to undergo additional x-ray exposure and the very unpleasant ordeal of additional pulmonary function studies, bronchoscopies, etc. It appears that this would be an unnecessary expense to your client also.

"The Decree entered in this case required your client to pay Dr. Swann's bill and also required your client to pay the continued necessary medical expenses incurred by Mr. Goodman. The Decree did not provide that you could force him to change doctors and I am not at all sure that the Court would require him to do so. If you take the position that your client will no longer be liable for Dr. Swann's bill, we suggest that you file a Petition with the Court to this effect in order that the matter be settled by judicial determination."

Some time after the foregoing exchange Mr. Goodman attempted to obtain an appointment with one of the three physicians listed by the defendant, but this physician refused to examine him. Another of the physicians died soon after the defendant's letter was written. The plaintiff did not consult nor attempt to obtain an appointment with the third physician. Thus, the employer did not actually tender three physicians who were ready, able and willing to afford appropriate medical treatment to plaintiff.

The sole issue before this Court is whether the plaintiff is entitled to reimbursement for post-trial medical expenses resulting from treatment by Dr. Swann. The governing provision of the Workmen's Compensation Act, T.C.A., § 50–1004, provides in pertinent part the following:

"The injured employee shall accept the medical benefits afforded hereunder; provided, that the employer shall designate a group of three (3) or more reputable physicians or surgeons not associated together in practice if available in that community from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician; and, provided further, that the liability of the employer for such services rendered the employee shall be limited to such charges as prevail for similar treatment in the community where the injured employee resides."

This Court has long held that the foregoing statutory language gives an employer the right, in the first instance, to designate three physicians from which the employee is entitled to make a final selection. See *Atlas Powder Co. v. Grimes*, 200 Tenn. 206, 292 S.W.2d 13 (1956). It is also well established, however, that under some circumstances an employee is justified in engaging his own physician without consulting his employer. *Harris v. Kroger Co.*, Tenn., 567 S.W.2d 162 (1978); *Rice Bottling Co. v. Humphreys*, 213 Tenn. 8, 372 S.W.2d 170 (1963).

In the case at bar the defendants assert that even after the original judgment established that the plaintiff was entitled to past medical expenses from Dr. Swann, the defendants still retained the right to designate a list of three physicians from which the plaintiff must choose. The defendants rely entirely upon *Consolidation Coal Co. v. Pride*, 224 Tenn. 188, 452 S.W.2d 349 (1970), a case which happened to also involve the medical expenses of the same Dr. Swann. In *Pride* this Court disallowed those expenses because the employee had not complied with T.C.A., § 50–1004. In so doing, the Court made this observation:

"It is our view that [the employee] had a duty to consult with one of the designated physicians, at least for the initial examination. If thereafter unsatisfied with that physician's findings, [the employee] may, generally speaking, (1) move the court to appoint a neutral physician, whose expense would be borne equally by the parties, (2) consult with his employer and make other arrangements suitable to both parties, or (3) go to a physician of his own choice, without consulting with the employer, and thus be liable for such services." 452 S.W.2d at 354.

While we still agree with this statement, we are of the opinion that it is not applicable to the facts at bar. We reach this conclusion because the defendants have fallen far short of their statutory right and concomitant obligation to designate a list of three physicians from which the plaintiff is entitled to choose. One physician designated by the defendants refused to see the plaintiff, another died shortly after the designation. In effect, the plaintiff was referred to a single physician. The defendants thereby failed to comply with T.C.A., § 50–1004, and attempted to usurp the employee's privilege to choose the ultimate treating physician. *Employers Ins. of Wausau v. Carter*, 522 S.W.2d 174 (Tenn.1975).

In response to the unique set of facts in this case the plaintiff has advanced the following proposition which is found in Larson, The Law of Workmen's Compensation, § 61.12, at 10–454 to 10–455:

"[I]f the employee has once justifiably engaged a doctor on his own initiative, a belated attempt by the employer to offer a doctor chosen by the employer will not cut off the right of the employee to continue with the employee's doctor. In a California case,[1] claimant was forced to procure his own medical treatment, and was awarded reimbursement for his expense. The employer then tendered the services of its own doctor, who had treated claimant for a period prior to the refusal. The court held that in the absence of a change in condition or evidence that the treatment was defective or additional treatment is needed the claimant was entitled to continue the use of his own doctor."

We find this proposition persuasive and conclude that T.C.A., § 50–1004, warrants such a construction. This rationale is particularly appealing in the case at bar since the trial court approved Dr. Swann's pre-trial treatment of the plaintiff. Since the judgment was never appealed and became final the plaintiff has "justifiably engaged" Dr. Swann as a matter of law. Indeed, plaintiff's engagement of Dr. Swann without consulting the employer was justified because at that time he was not aware that he had sustained an occupational disease or injury.

We hold that the plaintiff was entitled to retain Dr. Swann as his physician and is entitled to all past and future medical expenses that further treatment by Dr. Swann will necessitate. Of course, this holding only permits the plaintiff to recover those medical expenses which are compensable under the Act. *See* T.C.A., § 50–1004.

The defendants have asserted no basis for their desire that the plaintiff change physicians other than their contention that it is their statutory privilege. In fact, a change in physicians would only cause the defend-

1. *Zeeb v. Workmen's Compensation Appeals Bd.*, 62 Cal.Rptr. 753, 67 Cal.2d 496, 432 P.2d 361 (1967). For an elaboration of the doctrine set forth in *Zeeb*, see *Voss v. Workmen's Compensation Appeals Bd.*, 111 Cal.Rptr. 241, 10 Cal.3d 583, 516 P.2d 1377 (1974).

ants to suffer unnecessary expense and cause the plaintiff to suffer additional hardship. Therefore, the only justification that we can perceive for the defendants' conduct is their unwillingness to pay the plaintiff's continuing medical expenses. This is in plain contravention of the trial court's original award.

The judgment of the trial court is affirmed with costs adjudged against the defendants.

COOPER, HENRY, HARBISON, JJ., and McLEMORE, Special Justice, concur.