**FILED**

**September 16, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:40 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Terry Lamm, | ) | Docket No.: 2015-01-0429 |
| Employee, | ) | |
| v. | ) | |
| E. Miller Construction, Inc., | ) | State File No.: 64870-2015 |
| Employer, | ) | |
| And | ) | |
| Bridgefield Casualty Co., | ) | Judge Thomas Wyatt |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER FOR ADDITIONAL MEDICAL BENEFITS

This claim came before the undersigned Workers' Compensation Judge on September 12, 2016, upon the Expedited Hearing requested by the employee, Terry Lamm, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The hearing focused on whether Mr. Lamm established he is likely to prevail at a hearing on the merits in establishing (1) his injury arose primarily out of and in the course and scope of employment, or (2) he is entitled to select a physician from a panel of physicians for additional authorized treatment of his alleged work injury. For the reasons set forth below, the Court finds Mr. Lamm is entitled to select a physician from a panel provided by the employer, E. Miller Construction Co. (EMC), or its workers' compensation carrier for additional authorized treatment of his alleged work injury.[1]

### History of Claim

Mr. Lamm is a fifty-four-year-old resident of Madisonville, Monroe County, Tennessee. (T.R. 1 at 1.) He had worked seven months as a construction laborer for EMC, when on August 12, 2015, he experienced severe low back pain radiating into his legs while assisting three co-employees in lifting a steel H-beam that was approximately twenty feet long. *Id.* Mr. Lamm testified his injury occurred while working on the roof of a building at a Johns-Manville plant near Etowah, Tennessee.

---

[1] The Court attaches complete listings of the technical record and the exhibits admitted at the Expedited Hearing as appendices to this Order.

1

Mr. Lamm testified the leg and back pain he experienced while lifting the H-beam immediately disabled him from working. He stated the pain made him unsteady on his feet, causing him to exit the roof by stairs instead of by ladder. Mr. Lamm stated he called his daughter to pick him up because he was in too much pain to drive himself home. He averred that he "laid on the couch" the next two days and then sought emergent care at Blount Memorial Hospital because his pain did not improve during the two days of inactivity. (Ex. 3 at 1.)

The records at Blount Memorial noted that Mr. Lamm reported he hurt his back while lifting steel beams over his head two days previously. (Ex. 3 at 9-10.) The records also noted Mr. Lamm reported a past history of back problems, including undergoing a lumbar discectomy in 1999. *Id.* Lumbar x-rays taken at the emergency room revealed no acute pathology, but showed degenerative changes. *Id.* at 12. The emergency room doctor released Mr. Lamm with a diagnosis of lumbar strain, which he treated with an injection of Toradol and a prescription for narcotic pain medication. *Id.* at 12-13, 17-18.

Mr. Lamm reported his injury to "Andrew," EMC's safety man, shortly after receiving treatment at Blount Memorial. Andrew referred him to Lakeway Urgent Care without offering him a panel.[2] Mr. Lamm went to Lakeway on August 17, 2015, where he saw Nurse Practitioner Hillary Quilliams.[3] (Ex. 1 at 1.) NP Quilliams noted that Mr. Lamm told her he had been in constant pain since August 12, 2015, when he injured his back at work lifting an H-beam over his head. *Id.* at 1-2. She also noted Mr. Lamm told her about his previous disc-removal surgery, stating that he recovered from the surgery without a problem. *Id.* NP Quilliams diagnosed a sprain/strain of the back, prescribed non-narcotic medication and physical therapy, and released Mr. Lamm to return to work with restrictions of no bending, stooping, squatting, or lifting over fifteen pounds.[4] *Id.* at 2.

Mr. Lamm received treatment at Lakeway on two additional occasions for his alleged work injury. The Lakeway records indicate that, on September 11, 2015, Mr. Lamm saw Dr. John Sanabria, who noted he reported no change in his symptoms and no benefit from physical therapy.[5] (Ex. 1 at 3.) The records indicate Dr. Sanabria

---

[2] Defense counsel admitted during the Expedited Hearing that neither EMC nor its carrier provided Mr. Lamm a panel.

[3] Lakeway coded this visit as a "Work Comp visit . . . for Company E. Miller Construction. Protocol is WC NEW DS[.]"

[4] The August 17, 2015 Lakeway note indicates that "Patient was discharged by Hillary Quilliams, FNP." Below that notation, the note indicates the following: "Signed off electronically by John Sanabria, MD." The Court interprets these notations to indicate NP Quilliams saw Mr. Lamm and made the decisions memorialized in the note.

[5] Mr. Lamm testified he never saw Dr. Sanabria and that female nurses provided all the care he received at Lakeway. However, the records indicate Dr. Sanabria, not a nurse, discharged Mr. Lamm on September 11, 2015.

2

discontinued the therapy, ordered an MRI, and kept Mr. Lamm on the same restrictions imposed at the earlier visit. *Id.* at 3-4.

Mr. Lamm's last visit at Lakeway occurred October 19, 2015, when he again saw NP Quilliams. She noted Mr. Lamm reported "his back still hurts bad and [he] is still out of work." (Ex. 1 at 7.) NP Quilliams maintained the previous diagnosis of a sprain of unspecified parts of the lumbar spine and pelvis, but added that Mr. Lamm was stable and improved. *Id.* at 8. She released Mr. Lamm from Lakeway's care, writing, "[t]he condition is resolved, and the patient is at maximum medical improvement (MMI) with no residual disability. Fit for duty without restrictions. Starting 10/19/2015."[6] *Id.* Finally, NP Quilliams opined that, "[i]n absence of any acute findings, there appears to be no work related injury contributing to lumbar spine symptoms." NP Quilliams advised Mr. Lamm to seek care for "the degenerative changes in [his] lumbar spine" from a personal physician.[7]

Mr. Lamm testified he has continued to experience significant and disabling low back and leg pain to the present. He had not worked anywhere between the date of injury and the date of the Expedited Hearing.

## Findings of Fact and Conclusions of Law

*Dispute Certification Notice Issue*

Before deciding the substantive issues presented by the parties, the Court addresses EMC's procedural objection to Mr. Lamm's claim he is entitled to select a treating physician from a panel. EMC contended that, because the mediating specialist did not check the boxes on the Dispute Certification Notice (DCN) certifying panel-related issues for decision by the Court, Mr. Lamm could not present any panel-related issue at the Expedited Hearing.

EMC correctly interprets that Tennessee Code Annotated section 50-6-239(b)(1) (2015) prohibits the parties to a workers' compensation claim from presenting for the Court's determination issues not certified on the DCN. However, in *Phillips v. Carolina Construction Solutions,* No. 2015-01-0208, 2016 TN Wrk. Comp. App. Bd. LEXIS 10, at *18-19 (Tenn. Workers' Comp. App. Bd. Feb. 26, 2016), the Workers' Compensation Appeals Board held that a workers' compensation judge must consider the DCN "as a

---

[6] Defense counsel indicated EMC stopped temporary disability benefits based on the return-to-work contained in the October 19, 2015 Lakeway record.

[7] NP Quilliams wrote in the October 19, 2015 note that she discussed Mr. Lamm's case with Dr. Sanabria. There is no indication, however, that Dr. Sanabria actually saw Mr. Lamm on this occasion. In that the October 19, 2015 Lakeway note indicates NP Quilliams discharged the patient and Dr. Sanabria only electronically signed off on the note, the Court considers the opinions stated in the note are NP Quilliams' opinions.

3

whole without reading its contents in a vacuum" in determining whether the mediating specialist certified a specific issue for determination.

In *Phillips,* the mediating specialist did not check the box on the DCN form certifying the issue of "compensability" for determination. However, the mediator did check the box certifying the issue of whether the employee suffered from a pre-existing condition. The Appeals Board held that the resolution of the pre-existing condition issue necessarily included a decision as to the compensability of the claim. Furthermore, the Appeals Board found that, because the parties thoroughly briefed the compensability issue at trial, neither was surprised that the claim involved compensability issues. Accordingly, the Appeals Board found the alleged flaw in the completion of the DCN form did not bar the presentation of the compensability issue to the trial court.

The Court finds similarly here. Although the mediating specialist did not check boxes on the DCN form certifying panel-related issues to the Court for determination, she did check a box certifying that Mr. Lamm claimed he was entitled to an examination by another doctor. In addition, defense counsel stated during the Expedited Hearing that, as part of his representation of the employer in this claim, he investigated whether ECM or its carrier provided Mr. Lamm a panel and learned they did not.

Under the above circumstances, the Court finds that the DCN issued in this claim sufficiently raised the panel issue for its determination. The Court further finds that the DCN, in conjunction with the mediation process that led up to its issuance, sufficiently alerted defense counsel Mr. Lamm's claim ECM and its carrier had not provided Mr. Lamm a panel that he investigated the issue in preparation for the Expedited Hearing. Accordingly, the Court denies ECM's request that it prohibit Mr. Lamm from presenting the panel issue for determination.[8]

*Compensability*

The substantive defense raised by ECM in this claim was that Mr. Lamm did not satisfy his burden of proving his alleged injury was work-related. EMC correctly contended during the Expedited Hearing that the 2013 Workers' Compensation Reform Act requires that an injury arise "primarily" out of and in the course and scope of

---

[8] In making this decision, the Court considered the fact Mr. Lamm did not have an attorney during the mediation stage of the claim. In *Silas v. Brock Services*, No. 2014-02-0013, 2015 TN Wrk. Comp. App. Bd. LEXIS 36, at *9-11 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2015), the Workers' Compensation Appeals Board held that the trial court should "measure the papers prepared by *pro se* litigants using standards than [sic] are less stringent than those applied to papers prepared by lawyers." *Id.* at *11. Elaborating on the above principles, the Appeals Board stated trial courts "should give effect to the substance, rather than the form or terminology, of a *pro se* litigant's papers." *Id.* The Court realizes that Mr. Lamm did not prepare the DCN, but, during the hearing, Mr. Lamm testified that, at the beginning of his claim, he did not know he was entitled to select a doctor from a panel. Furthermore, the Court considered the fact Mr. Lamm may not have understood the process by which he could add issues to the DCN before its issuance.

4

employment before the injury entitles an employee to benefits. Tenn. Code Ann. § 50-6-102(14) (2015). An injury arises primarily out of and in the course and scope of employment "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015). Further, "[a]n injury causes [a compensable] death, disablement or the [compensable] need for medical treatment only if it has been shown to a reasonable degree of medical certainty that [the employment] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2015).[9]

ECM accurately asserted that Mr. Lamm bears the burden of proof on all essential elements of his claim, including on the compensability of the injury under the above-stated statutory evidentiary standards. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, in *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9-10 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), the Workers' Compensation Appeals Board held an injured worker may be granted medical or temporary disability benefits prior to trial when the worker presents sufficient evidence to enable the trial court to conclude that the worker "would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1) (2015); *Willis v. All Staff*, No. 2014-01-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *16-17 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015). Accordingly, the evidentiary standard Mr. Lamm must meet at the Expedited Hearing stage of a claim is less than that he bears at a Compensation Hearing, where his obligation is to establish facts by a preponderance of the evidence.

Even applying the relaxed evidentiary standard applicable to an Expedited Hearing, the Court finds Mr. Lamm did not come forward with the requisite medical expert opinion that his back injury was work-related to prevail on this point. The evidence admitted during the Expedited Hearing contains no admissible[10] opinion from a physician on the causation of Mr. Lamm's back injury. Mr. Lamm seems to contend that the convergence in the Blount Memorial and Lakeway records of his history of injury while lifting a beam at work and diagnoses of lumbar sprain is sufficient to support a finding his alleged injury arose primarily out of and in the course and scope of

---

[9] The Court paraphrased the statutory analysis contained in this paragraph from the Workers' Compensation Appeals Board's opinion in *Willis v. All Staff*, No. 2014-01-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *15-16 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015).

[10] The Court did not factor NP Quilliams' causation opinion into its decision because Tennessee Code Annotated section 50-6-102(14)(D) (2015) requires a physician's opinion to establish or disprove causation.

5

employment. The Court disagrees. The fortuitous convergence of a supportive history and diagnosis in a set of medical records falls short of the express medical expert opinion on causation that the Workers' Compensation Act requires for the recovery of benefits at even the Expedited Hearing stage of a claim. *See, e.g., James v. Landair Transport, Inc.*, No. 2015-02-0024, 2015 TN Wrk. Comp. App. Bd. 28, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 26, 2015). Accordingly, because of the lack of medical expert opinion establishing the work-relatedness of Mr. Lamm's injury in the record, the Court finds Mr. Lamm failed to establish he will likely prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of employment.

*Failure to Provide a Panel*

The Court's finding that Mr. Lamm did not establish the compensability of his claim does not end its inquiry here, however. In *Lewis v. Molly Maid*, No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. 8, at *6-7 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016), the Workers' Compensation Appeals Board held an employee may, at an Expedited Hearing, show that he or she is entitled to a panel for the selection of an authorized treating physician even though the employee did not come forward with sufficient medical expert opinion to establish the work-relatedness of the employee's injury.

In *Lewis,* the employee presented unrefuted evidence that she reported pain while using a vacuum cleaner at work. The employer denied the compensability of the claim and refused to provide a panel. Following an Expedited Hearing, the trial court found the employee failed to establish the compensability of her injury by medical expert opinion. Nevertheless, the trial court ordered the employer to provide her a panel. The Workers' Compensation Appeals Board affirmed the decision, holding:

> [W]e agree that Employee came forward with sufficient evidence to support a conclusion that she experienced back pain after operating a vacuum cleaner in late October 2014. We also agree that, while this evidence was insufficient to establish the compensability of her claim by a preponderance of the evidence, it was sufficient to support an order compelling Employer to provide a panel of physicians.

*Id.* at 6-7.

In view of the evidence introduced during the Expedited Hearing, the Court finds Mr. Lamm established that, at a hearing on the merits, he will likely prevail in showing he experienced back pain while lifting a beam overhead while performing duties assigned him by EMC. In support of this finding, the Court notes that ECM did not refute Mr. Lamm's testimony of the circumstances of his injury. Furthermore, the medical records introduced into evidence support Mr. Lamm's testimony that he suffered an injury at

6

work at ECM on August 12, 2015, while lifting a heavy beam. The Blount Memorial records note Mr. Lamm sought emergent care for back pain on August 14, 2015, and related the cause of his pain to lifting steel beams at work. The Lakeway records note Mr. Lamm gave the same report of injury on August 17, 2016.

Defense counsel sought to refute Mr. Lamm's claim of an August 12, 2015 work injury by showing he had undergone back surgery in 1999 and, as recently as March 2014, had seen a pain management doctor and undergone an MRI for back pain. Mr. Lamm did not deny having back and leg pain prior to the August 12, 2015 injury at EMC; however, he testified the back and leg pain he experienced up to that point did not present a problem to him because it did not keep him from working.

The Wage Statement completed by EMC shows Mr. Lamm earned over $19,000.00 during the thirty weeks preceding his alleged work injury. (Ex. 9.) The Court finds this earning history corroborates that, at least for the seven months he worked for EMC, Mr. Lamm maintained sufficient physical capacity to work as a construction laborer despite any back or leg pain he may have experienced at that time. Mr. Lamm testified he poured concrete, tore down walls, painted and performed heavy lifting while employed by EMC during the seven months prior to August 12, 2015. He asserted he did not miss a day EMC scheduled him to work.[11] In view of the above, the Court finds Mr. Lamm will likely prevail at a hearing on the merits that he suffered pain while lifting a beam at work at ECM on August 12, 2016. In view of the above finding and the fact ECM did not deny Mr. Lamm provided timely notice of his alleged work injury, the Court finds that Mr. Lamm is entitled to select an authorized treating physician from a panel. *See Lewis v. Molly Maid, supra.*

Both parties raised additional issues regarding Mr. Lamm's request to receive a panel. EMC argued the Court should not compel it to provide Mr. Lamm a panel because Mr. Lamm accepted authorized treatment at Lakeway in lieu of selecting an authorized physician from a panel. The Court respectfully disagrees with this position. The Court first notes that ECM did not refute Mr. Lamm's testimony he did not know at the beginning of his claim that he was entitled to select a physician from a panel. Furthermore, in *Goodman v. Oliver Springs Mining Co.*, 595 S.W.2d 805 (Tenn. 1980), an employer provided an employee a panel comprised of three physicians. One of the listed physicians refused to see the employee, and another died shortly after the employee received the panel. In holding the panel failed to comply with the Workers' Compensation Law, the Supreme Court held, *"[i]n effect, the plaintiff was referred to a single physician. The defendants thereby failed to comply with [50-6-204], and attempted to usurp the employee's privilege to choose the ultimate treating physician."* *Id.* at 808. (Emphasis added.)

---

[11] EMC called no witnesses to refute Mr. Lamm's testimony.

7

In *McCord v. Advantage Human Resourcing, supra* at *13, the Workers' Compensation Appeals Board cited the Supreme Court's opinion in *Lindsey v. Strohs Companies,* 830 S.W.2d 902-03 (Tenn. 1992), in affirming the importance of an employee's right to select a treating physician from a panel under the 2013 Reform Act. The Appeals Board in *McCord* described the employee's right to receive a panel as "the privilege of selecting the operating surgeon or attending physician." In view of the above authority, the Court finds EMC's failure to provide Mr. Lamm a panel denied him a right, indeed a privilege, assured injured workers by the Workers' Compensation Law. Accordingly, the Court orders EMC provide Mr. Lamm a panel so he may select a physician authorized to evaluate and treat his August 12, 2015 work injury.

Mr. Lamm asked the Court to order ECM to provide a "specialty panel" from which he may select an authorized treating physician. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015) states, "the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups." The Court finds that the general assembly's use of the word "or" in section 50-6-204(a)(3)(A)(i) indicates its intention that an employer may place non-specialist physicians on a compliant panel so long as all physicians placed on the panel are qualified to treat the employee's injury. The Court will not more specifically limit EMC's ability to select the physicians placed on the panel it offers its employee than does the applicable statute.

**IT IS, THEREFORE, ORDERED** as follows:

1. EMC and/or its carrier shall provide Mr. Lamm additional medical benefits by promptly providing him a panel complying with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015). EMC or its carrier shall promptly authorize the physician selected by Mr. Lamm from the panel to evaluate and treat his alleged work-related injury and shall timely schedule him an appointment to see the selected physician.

2. This matter is set for an Initial (Scheduling) Hearing or Status Conference on December 5, 2016, at 10:00 a.m. Eastern Time. The parties shall call in to 855-747-1721 (toll-free) or 615-741-3061 to participate.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the**

8

**necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.


**ENTERED this the 16th day of September, 2016.**

**Thomas Wyatt, Judge**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Thomas Wyatt, Court of Workers' Compensation Claims. You must call 855-747-1721 (toll-free) or 615-741-3061 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order Denying to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or

9

other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation 6. Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

1. Medical records of Lakeway Urgent Care/Dr. John Sanabria;
2. Medical records of Monroe Physical Therapy;
3. Medical records of Blount Memorial Hospital;
4. Medical records of Outpatient Diagnostic Center of Knoxville;
5. Medical records of Active Pain Treatment Center/Dr. James Foxx;

6. Medical records of Starr Regional Medical Center;
7. Medical records of Park West Hospital;
8. Medical records of Sweetwater Hospital Association;
9. Wage Statement;
10. Tennessee Statement of Injured completed by Mr. Lamm.

Technical record:[12]

1. Petition for Benefit Determination, filed December 4, 2015;
2. Dispute Certification Notice (including January 18, 2016 letter from Peterson, White amending DCN), filed January 21, 2016;
3. Request for Expedited Hearing, filed August 5, 2016;
4. Amended Request for Expedited Hearing, filed August 5, 2016;
5. Affidavit of Terry Lamm, filed August 15, 2016;
6. Response to Employee's Amended Request for Expedited Hearing, filed August 26, 2016; and
7. Notice of Filing Medical Records, filed August 29, 2016.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Joe Crabtree, Attorney | | | X | josephcrabtree@bellsouth.net |
| Nicholas Peterson, Attorney | | | X | nick@petersonwhite.com |

Penny Shrum                     w/permission

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

---

[12] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

11