

**FILED**

**October 17, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Ducros | ) | Docket No.    2017-01-0228 |
| | ) | |
| v. | ) | State File No. 70424-2016 |
| | ) | |
| Metro Roofing and Metal | ) | |
| Supply Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

---

### Reversed and Remanded - Filed October 17, 2017

---

The employee, a truck driver, injured his right wrist while performing his work duties. His employer accepted the claim as compensable, but rather than provide a panel of physicians for medical treatment, the employer directed the employee to a medical facility where he treated with a family physician before being referred to a "hand clinic." The employer paid for treatment with an orthopedic specialist at a hand clinic, but following the employee's second visit with the specialist, the employer provided a panel of orthopedic physicians and insisted the employee select a treating physician from the panel. The employee claimed he selected a physician from the panel "under duress," and when, after three visits, the panel physician suggested the employee obtain a second opinion, the employee requested to resume treatment with the specialist with whom he had originally treated. The employer refused to authorize treatment with that physician on the basis the panel physician was the only authorized physician, and the employer informed the employee that any future care must be with the panel physician. The employee filed a request for expedited hearing seeking to have the original specialist designated as the treating physician. The trial court denied the employee's requested relief based upon its determination that, irrespective of the employer's delay in providing a panel of physicians, the employee had a statutory duty to accept the medical care offered to him. The employee has appealed. We reverse the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

R. Lew Belvin, Chattanooga, Tennessee, for the employee-appellant, James Ducros

1

Nicholas S. Akins and Ryan L. Sarr, Nashville, Tennessee, for the employer-appellee, Metal Roofing and Metal Supply Co., Inc.

**Factual and Procedural Background**

James Ducros ("Employee") was working as a truck driver for Metal Roofing and Metal Supply Co., Inc. ("Employer"), when he injured his right wrist "pulling shingles" on September 8, 2016. Employer accepted the claim as compensable and initiated medical treatment by directing Employee to Dodson Avenue Community Health where he was treated by Dr. Naina Sharma, a family physician.

Employee first saw Dr. Sharma on September 9, 2016, at which time Dr. Sharma recommended conservative treatment and instructed Employee to follow up in two weeks if his wrist had not improved. Employee returned to Dr. Sharma on September 15, 2016, reporting that he had been wearing the wrist brace and taking ibuprofen as instructed, but that his wrist continued to hurt. At that visit, Dr. Sharma noted that Employee "would like to get a referral to see a specialist about his right wrist" and ordered a referral to "Hand Clinic."

On September 22, 2016, Employee was seen by Dr. Woodfin Kennedy at Hayes Hand Center. Dr. Kennedy's initial office note indicates Employee was referred by Dr. Sharma. He diagnosed Employee with a right wrist sprain, administered an injection in Employee's wrist, and returned him to work with restrictions. Employee returned to Dr. Kennedy on September 29, 2016, and Dr. Kennedy noted at that time that Employee "has positive median nerve compression test and positive Tinel's over the wrist." He ordered diagnostic testing, including a nerve conduction study and an MRI, and he again returned Employee to work with restrictions.

Employer did not authorize the testing recommended by Dr. Kennedy. Instead, it provided Employee a panel of orthopedic physicians and requested he select a treating physician from the panel. Employee's affidavit filed in support of his request for hearing stated that he was informed by Employer's representative that he "could not continue treating with Dr. Kennedy," and that "if [he] did not select a new physician off the form, [Employer] could deny [his] claim." Additionally, Employee's affidavit stated that "[t]he only reason [he] selected [a panel physician] is because of the representations made to [him] that [his] claim could be denied if [he] did not." Employer presented no evidence disputing these assertions. On October 18, 2016, Employee selected Dr. Peter Lund from the employer-provided panel.

Employee saw Dr. Lund three times from October 2016 through December 2016, with the first visit being on October 21, 2016. The record discloses that Dr. Lund arranged for diagnostic testing to be performed similar to the testing Dr. Kennedy had

recommended. In addition, the record indicates that at Employee's December 2016 visit with Dr. Lund, the doctor recommended Employee get a second opinion.

Following the December 2016 visit with Dr. Lund, Employee expressed dissatisfaction with Dr. Lund and asked Employer to allow him to return to Dr. Kennedy. Employer declined, indicating it would authorize additional treatment with Dr. Lund, but that no further care with Dr. Kennedy would be approved. Employer did, however, authorize Employee to be seen by Dr. Justin Arnold for a second opinion. On February 8, 2017, Employee was seen by Dr. Arnold, at which time Dr. Arnold administered a wrist injection. Employee stated in his affidavit that the last treatment he received for his September 8, 2016 wrist injury "was an injection which was beneficial and given to me by Dr. Justin Arnold on Feb. 8, 2017."

On April 3, 2017, Employee filed a petition for benefit determination seeking an order requiring Employer to authorize additional treatment with Dr. Kennedy. He subsequently requested a hearing concerning the medical benefits and asked the court to issue a decision on the record without an evidentiary hearing.[1] Concluding that it did not need additional information to render a decision in the case, the trial issued an order declining to require Employer to authorize Dr. Kennedy to treat Employee, stating that, "while [Employer's] delay in offering a panel subjects it to a possible penalty assessment, it does not negate [Employee's] statutory duty to accept the medical benefits offered to him." In addition, the trial court noted that "to date, [Employee] has treated with Dr. Lund for almost a year." Employee has appealed.

### Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concern issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-

---

[1] *See* Tennessee Code Annotated section 50-6-239(d)(2) (2016) ("A workers' compensation judge is not required to hold a full evidentiary hearing before issuing an interlocutory order for temporary disability or medical benefits."); Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(f) (2016) ("Any party may request that the court issue a decision on the record, in lieu of convening an evidentiary hearing, for any request for expedited hearing.").

0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

Employee raises a single issue in his notice of appeal: "[w]hether [Employee] is entitled to have Dr. Woody Kennedy designated as his authorized treating physician." In his brief on appeal, however, Employee frames the issue differently, stating that he was "referred to a particular specialist group and [Employer] never offered a panel during [its] three (3) business-day window." Employee concludes that, based upon Employer's failure to timely provide a panel, he "is entitled to have the direct referral honored and treatment with Dr. Kennedy authorized going forward."

Although not expressly asserting that this case is governed by Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) (2016), Employee's issue as framed in his brief implies that the statute is applicable. That section provides, in part, that,

> [w]hen necessary, *the treating physician selected in accordance with this subdivision (a)(3)(A)* shall make referrals to a specialist physician, surgeon, or chiropractor and immediately notify the employer. The employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups.

(Emphasis added.) In this case, the referring physician, Dr. Sharma, was not selected from a panel of physicians in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) ("[W]hen the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the employee shall select one (1) to be the treating physician."). Thus, by its express terms, section 50-6-204(a)(3)(A)(ii) is not applicable under the facts and circumstances presented.[2]

However, that does not end our inquiry. We must consider whether the facts and circumstances justify Dr. Lund's continuing as Employee's authorized treating physician or whether Employee is entitled to have Dr. Kennedy designated as his treating physician. For the reasons that follow, we conclude Dr. Kennedy was an authorized treating physician and that Employee is entitled to resume treatment with Dr. Kennedy.

---

[2] We note that 50-6-204(a)(3)(A)(ii) does not expressly include "specialist groups" in the listing of providers to whom a treating physician selected in accordance with subdivision (a)(3)(A) "shall make referrals" when necessary, and we express no opinion concerning whether a referral to a specialty group may be subject to this subdivision.

4

Employee asserts that he was directed to treat with Dr. Sharma by Employer and that, upon his referral to a hand clinic by Dr. Sharma, he came under the care of Dr. Kennedy. He further asserts that Employer paid for the treatment he received from both Dr. Sharma and Dr. Kennedy. Only after Dr. Kennedy recommended diagnostic testing on Employee's second visit did Employer provide a panel of physicians to Employee and insist that he select a doctor from the panel for any additional treatment. Employee's affidavit reflects that a representative of Employer or its workers' compensation insurance carrier informed him that, if he refused to select a physician from the panel offered by Employer, the claim could be denied. Employer has provided no testimony or documentary evidence to contradict any of Employee's assertions. Instead, Employer argues that Employee's "claims of coercion are unfounded and irrelevant," as the selection from a panel was made and treatment was authorized.

It is a long-settled principle of Tennessee's workers' compensation law that an employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own. "[A]n employer who attempts to claim the benefits of [Tennessee Code Annotated section] 50-6-204 must also comply with the statute." *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 150 (Tenn. 1991). Moreover, "[r]eferring the employee to a single physician does not comply with the statute; it is an usurpation of the privilege of the employee to choose the ultimate treating physician." *Employers Ins. of Wausau v. Carter*, 522 S.W.2d 174, 176 (Tenn. 1975).

> Where the employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, the employer runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice. Since [the employer] failed to designate three approved physicians, the [employee] was justified in seeking medical treatment elsewhere. [The employer] knew about [the employee's] injury and knew that he was seeking medical care.

*Lindsey v. Strohs Cos.*, 830 S.W.2d 899, 902-03 (Tenn. 1992) (citations omitted).[3] Furthermore, a belated attempt to insist that an injured worker treat with a panel physician after the worker has established a doctor-patient relationship with another physician will not succeed, particularly when the employer has pointed to no rationale to require the change in physicians other than an assertion of its statutory right. *See, e.g.*, *Goodman v. Oliver Springs Mining Co.*, 595 S.W.2d 805, 808-09 (Tenn. 1980).

---

[3] We do not suggest that an employee can insist on successive physicians to be paid by an employer if the employer has properly discharged its statutory obligation to provide the medical benefits made reasonably necessary by accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A). If an employer has properly discharged its statutory obligation, the employee is obligated to accept the benefits. *See* Tenn. Code Ann. § 50-6-204(a)(3)(A)(i).

5

In this case, Employer did not provide a panel of physicians when it became aware of Employee's injury, directing him instead to a particular medical facility. When Employee was referred for specialized care, Employer still did not provide a panel of physicians, but paid for the medical treatment Employee received from the specialist, Dr. Kennedy. Employer has offered no rationale for refusing to authorize further treatment with Dr. Kennedy and requiring Employee to begin treating with another physician other than to assert its statutory right to provide a panel of physicians and Employee's selection of a physician from the panel. Although Employee complied with Employer's request that he choose a physician from the panel, the record reflects he did so upon the understanding that his benefits could be terminated if he did not select a physician from Employer's belatedly-offered panel.

Additionally, we find the trial court's rationale that Employee "treated with Dr. Lund for almost a year" to be unpersuasive, as Employee saw Dr. Lund only three times, with the last visit being in December 2016, which was approximately three months after Employee's last visit with Dr. Kennedy and just over two months from the date Employee selected Dr. Lund from Employer's panel. Under the facts and circumstances presented, we conclude that Employer failed to timely meet its statutory obligation to provide a panel of physicians and, therefore, Employer shall remain responsible for reasonable and necessary medical care for Employee's work-related injury with Dr. Kennedy as the treating physician.

## Conclusion

For the foregoing reasons, we hold that the evidence preponderates against the trial court's determination that Employer's delay in offering a panel does not negate Employee's statutory duty to accept the medical treatment from the physician Employee selected from the panel six weeks after his work-related injury. Accordingly, the trial court's decision is reversed, and the case is remanded for any further proceedings that may be necessary.



**FILED**

**October 17, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Ducros | ) | Docket No. 2017-01-0228 |
| | ) | |
| v. | ) | State File No. 70424-2016 |
| | ) | |
| Metro Roofing and Metal | ) | |
| Supply Co., Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of October, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **R. Lew Belvin, III** | | | | | X | lew.belvin@mcmahanlawfirm.com |
| **Nicholas S. Akins Ryan L. Sarr** | | | | | X | nakins@morganakins.com rsarr@morganakins.com |
| **Audrey A. Headrick, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov