**FILED**
**Mar 18, 2022**
**07:15 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **CORNELIUS WILLIAMS,** | ) | **Docket No. 2021-08-0990** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **PEOPLE READY, INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **State File No. 50315-2021** |
| | ) | |
| **AIU INSURANCE CO.,** | ) | |
| **Carrier,** | ) | |
| **And** | ) | |
| **ABIGAIL HUDGENS, Administrator** | ) | |
| **of the Bureau of Workers'** | ) | **Judge Deana Seymour** |
| **Compensation, Subsequent Injury** | ) | |
| **Fund.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an Expedited Hearing on March 2, 2022, to determine Cornelius Williams's entitlement to medical treatment and temporary disability benefits from a left-knee injury. People Ready denied benefits because Mr. Williams refused to select a panel physician. Based on the proof, the Court holds Mr. Williams is likely to prevail at trial on his claim for medical treatment but not temporary disability benefits.

## History of Claim

On June 24, 2021, Mr. Williams injured his left knee at work. People Ready accepted the claim and directed him to a walk-in clinic. Neither People Ready nor its carrier provided a panel of physicians. The medical provider diagnosed a left-knee contusion and sprain, and an acute neck strain.

Mr. Williams returned to the clinic four days later with left knee and neck pain. His physician recommended an MRI and physical therapy. After physical therapy treatment, Mr. Williams still had left-knee pain, and his MRI showed a torn medial meniscus, an ACL tear, and osteoarthritis. The provider referred him for orthopedic treatment.

Per Mr. Williams, the walk-in clinic staff scheduled an appointment with orthopedic surgeon Dr. John Lochemes and gave him an appointment card with a map and directions to Dr. Lochemes's office.

After reviewing records and performing an exam, Dr. Lochemes recommended surgery.[1] People Ready denied surgery, refused to pay for the unauthorized visit, and offered him a panel of orthopedic surgeons instead. Mr. Williams testified since he had confidence in Dr. Lochemes, he did not select a doctor from the panel.

Concerning temporary disability benefits, Mr. Williams stated People Ready offered work with restrictions at his pre-injury wage but with fewer hours, until November. It then refused to accommodate his restrictions and initiated temporary disability benefits.

People Ready's adjuster, Alexandra Booher, testified by Rule 72 Declaration about why she denied surgery and offered the panel instead. Dr. Lochemes's office called for authorization, but she denied authorization because she did not have notice of a direct referral.[2] She then sent a panel of physicians to Mr. Williams, informing him treatment would be authorized with a panel-selected physician.

### Findings of Fact and Conclusions of Law

At this Expedited Hearing, Mr. Williams must show he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021).

The primary issue is whether Mr. Williams is entitled to medical treatment with Dr. Lochemes. Both parties look to Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) for guidance on whether the walk-in clinic directly referred Mr. Williams to Dr. Lochemes. This section provides, in part:

> When necessary, *the treating physician selected in accordance with this subsection (a)(3)(A)* shall make referrals to a specialist physician, surgeon, or chiropractor and immediately notify the employer. The employer shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more

---

[1] Dr. Lochemes's medical record included contact and claim reference information for People Ready and its carrier, ESIS, including adjuster Alexandra Booher. It also noted, "sedentary duty – left knee arthroscopy – medial meniscectomy planned."

[2] The date of that request was not in evidence.

independent reputable physicians, surgeons, chiropractors or specialty practice groups.

Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii)(Emphasis added).

In this case, People Ready directed Mr. Williams to the walk-in clinic instead of providing a panel under Tennessee Code Annotated section 50-6-204(a)(3)(A)(i).[3] Thus, by its specific terms, section 50-6-204(a)(3)(A)(ii) does not apply to these facts.

The question becomes whether the facts justify designating Dr. Lochemes the authorized physician or whether Mr. Williams must select a physician from the panel.

In *Ducros v. Metro Roofing and Metal Supply Co. Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017), the Appeals Board wrote:

> It is a long-settled principle of Tennessee's workers' compensation law that an employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own. 'An employer who attempts to claim the benefits of [Tennessee Code Annotated section] 50-6-204 must also comply with the statute.' *Simpson v. Frontier Cmty. Credit Union,* 810 S.W.2d 147, 150 (Tenn. 1991). Moreover, '[r]eferring the employee to a single physician does not comply with the statute; it is an usurpation of the privilege of the employee to choose the ultimate treating physician.' *Employers Ins. Of Wausau v. Carter,* 522 S.W.2d 174, 176 (Tenn. 1975).

Importantly, the Appeals Board added, "[A] belated attempt to insist that an injured worker treat with a panel physician after the worker has established a doctor-patient relationship with another physician will not succeed, particularly when the employer has pointed to no rationale to require the change in physicians other than an assertion of its statutory right. *Ducros*, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *11; *see also Goodman v. Oliver Springs Mining Co.,* 595 S.W.2d 805, 808-09 (Tenn. 1980).

Here, People Ready knew Mr. Williams needed medical treatment for his work injury but did not provide a panel of physicians. Instead, it directed him to a walk-in clinic. Mr. Williams complied with that request. The provider wrote that Mr. Williams needed to see an orthopedic after reviewing his MRI. The walk-in clinic staff made an appointment for Mr. Williams to see Dr. Lochemes. People Ready did not offer a panel until Dr.

---

[3] Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) reads, "[W]hen the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty groups . . . from which the injured employee shall select one (1) to be the treating physician."

Lochemes recommended surgery.

The Court holds that People Ready's belated panel does not comply with the statute. Because People Ready failed to provide an initial panel, it was reasonable for Mr. Williams to treat with Dr. Lochemes. Mr. Williams testified that he has confidence in Dr. Lochemes and wants him to perform the recommended surgery. Thus, the Court holds that Dr. Lochemes is the authorized treating physician, and People Ready shall be responsible for the August 23 treatment, and ongoing reasonable, necessary, and related treatment.

Turning to temporary disability benefits, to receive temporary total disability benefits, Mr. Williams must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. For temporary partial disability benefits, he must show that his treating physician returned him to work with restrictions that People Ready either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

The proof showed People Ready accommodated his restrictions until November. It then initiated benefits it continued to pay as of this hearing. Mr. Williams testified his wage rate remained the same, but he worked fewer hours. However, he offered no proof of reduction in earnings. Thus, the Court holds he is unlikely to prevail at a hearing on his claim for temporary disability benefits.

*Compliance Program Referral*

The Compliance Program is specifically authorized to assess penalties under the Workers' Compensation Law as well as the General Rules of the Workers' Compensation Program. The Court refers this matter to the Compliance Program for consideration of possible penalty assessment under Tennessee Code Annotated section 50-6-118, for People Ready's failure to timely offer a panel.

**IT IS ORDERED** as follows:

1. Mr. Williams's request for medical treatment with Dr. John Lochemes is granted. People Ready shall pay Dr. Lochemes's bill for medical services on August 23, and Dr. Lochemes is designated as authorized treating physician for reasonable, necessary, and related treatment.

2. Mr. Williams's request for temporary disability benefits is denied at this time.

3. The Court refers this case to the Compliance Program for consideration of penalties.

4. For questions regarding compliance, please contact the Workers' Compensation

Compliance Unit via email at WCCompliance.Program@tn.gov.

5. This case is set for a Status Hearing on April 25, 2022, at 11:00 a.m. Central Time. The parties must call 615-532-9550 or 866-943-0014 to participate.


**ENTERED March 18, 2022.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**


APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Employer's Expedited Hearing Brief
5. Employer's Witness and Exhibit List
6. Subsequent Injury Fund's Response to Employee's Request for Expedited Hearing

Exhibits:
1. Medical records of Concentra
2. Medical records of Dr. John Lochemes
3. Affidavit of Mr. Williams
4. Rule 72 Declaration of Alexandra Booher
5. Employee's Choice of Physician form (unsigned)
6. Wage Statement
7. Petition for Benefit Determination
8. Temporary Disability Benefits Payment Log

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 18, 2022.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Andrew Wener, Employee's Attorney | | X | awener@wenerlawfirm.com |
| David Goudie, Employer's Attorney | | X | dgoudie@morganakins.com |
| Timothy Kellum, SIF Attorney | | X | Timothy.Kellum@tn.gov |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*