

**FILED**

**October 31, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:11 A.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD OCTOBER 11, 2017, AT KNOXVILLE)

| | |
|---|---|
| DeWayne Burnette, Sr. | ) Docket No. 2016-01-0670 |
| | ) |
| v. | ) State File No. 87860-2016 |
| | ) |
| WestRock, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---

### Affirmed and Remanded – Filed October 31, 2017

---

In this interlocutory appeal, the employee alleges suffering severe injuries due to heat exposure while working at the employer's plant. The employer denied that the employee gave proper notice of a work injury and further denied that his injuries arose primarily out of and in the course and scope of his employment. Following an expedited hearing, the trial court ordered the employer to provide both temporary disability and medical benefits, and it further ordered the employer to designate two physicians from whom the employee had received treatment as authorized treating physicians. The employer has appealed, asserting the trial court erred in designating the employee's physicians as authorized treating physicians and in failing to enforce the terms of an alleged agreement reached during the mediation phase of the case. The employee has asked that the employer's appeal be deemed frivolous. We affirm the decision of the trial court, find the appeal frivolous, and remand the case to the trial court for further proceedings, including an assessment of reasonable attorney's fees and costs arising from this appeal.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Sean W. Martin, Chattanooga, Tennessee, for the employer-appellant, WestRock

Carmen Y. Ware, Chattanooga, Tennessee, for the employee-appellee, DeWayne Burnette, Sr.

## Factual and Procedural Background

DeWayne Burnette, Sr. ("Employee"), a sixty-year-old resident of Hamilton County, Tennessee, worked for WestRock ("Employer") at its paper and packaging manufacturing facility in Chattanooga. While at work on July 8, 2016, Employee began experiencing significant symptoms associated with overheating.[1] A co-worker reported to Employee's supervisor, Corey Reese, that Employee "didn't look good." At least twice during the shift, Mr. Reese removed Employee from his work station and took him to air-conditioned offices, where he encouraged Employee to drink water and try to "cool off." Each time Employee returned to his work station, he again exhibited symptoms of overheating. After receiving another report of Employee's worsening condition, Mr. Reese took Employee to an office and, after consulting with his superior, asked Employee to rest, drink water, and attempt to urinate.

During a break at approximately 7:00 p.m., Employee retrieved his cell phone from his locker and called his son, reporting that he was sweating, felt lightheaded, and needed assistance. When his son arrived at the facility and saw his father "shaking and sweating," he asked Mr. Reese whether he could take his father to a hospital. Mr. Reese responded that both he and Employee risked losing their jobs if Employee left the facility before his shift ended at 11:00 p.m. He also informed Employee's son that he could not wait inside the facility with his father but would have to wait in the parking lot for approximately two hours until the shift was over.

When Employee's shift ended at 11:00 p.m., Employee's son returned to the facility to retrieve his father and transport him to a hospital. At that time, Mr. Reese informed him that Employee needed to stay another thirty minutes and attempt to urinate before leaving. Following a vigorous discussion, Mr. Reese relented and allowed Employee to leave. The son testified that he and several co-workers assisted Employee out of the facility and into the son's car, as Employee had become so weak he was unable to walk without help.[2] Employee was transported to Memorial Hospital, where he was diagnosed with acute renal failure, hyperkalemia, dehydration, and rhabdomyolysis.[3] He was hospitalized in intensive care for several days and received dialysis and other treatments. During and after his hospitalization, Employee was treated by Drs. Joseph Watlington and Philip Bannor, among other medical providers.

---

[1] During the expedited hearing, all witnesses agreed that, during summer months, the facility can become extremely hot.

[2] A co-worker, Eric Phinazee, testified that Mr. Reese instructed him to "cover the camera" located near the time clock as Employee was carried out of the facility. Mr. Phinazee testified that he refused this instruction.

[3] Rhabdomyolysis is the breakdown of muscle tissue commonly associated with trauma, elevated body temperature, and dehydration. "Rhabdomyolysis," https://www.webmd.com/a-to-z-guides/rhabdomyolysis-symptoms-causes-treatments#1 (last visited Oct. 30, 2017).

On March 20, 2017, Employee filed an amended petition for benefit determination.[4] Thereafter, Employer responded that it denied Employee's claim due to lack of proper notice and lack of evidence of a work-related injury. Following an expedited hearing, the trial court concluded Employee had presented sufficient evidence to show he was likely to prevail at trial in proving compensable work injuries, and it ordered Employer to initiate both temporary disability and medical benefits. In addition, the trial court ordered Employer to authorize Drs. Watlington and Bannor to provide reasonable and necessary medical treatment for Employee's work-related injuries.

Employer has appealed, arguing the trial court erred in not enforcing the terms of an agreement allegedly reached during mediation and in designating Drs. Watlington and Bannor as authorized treating physicians. In response, Employee has asked that Employer's appeal be deemed frivolous and that he be awarded reasonable attorney's fees and costs incurred as a result of defending this appeal.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *See Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

**Analysis**

Employer presents a single issue on appeal: whether the trial court erred in ordering it to authorize Drs. Watlington and Bannor as authorized treating physicians in

---

[4] The technical record contains a copy of a petition for benefit determination dated October 27, 2016, but not filed until April 26, 2017. There is no information in the record explaining this discrepancy.

contravention of a mediated agreement reached during the pre-litigation mediation phase of the case, at which time Employer purportedly offered Employee a panel of physicians.

*Mediated Agreement*

Employer argues on appeal that, during the pre-litigation mediation phase of this case, the parties agreed Employer would provide Employee a panel of physicians, and that Employee should be bound by that agreement. According to Employer, the trial court's decision should be reversed because the court did not enforce the alleged agreement between the parties. However, the alleged agreement, while briefly alluded to by the attorneys and the trial court during closing arguments at the expedited hearing, was never offered into evidence and was not made an exhibit at the hearing. Consequently, it is not part of the record on appeal.

It is well-settled that a party cannot offer for an appellate court's consideration documents or other materials that were not admitted into evidence at trial. *See, e.g.*, *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at \*14, n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge"). Notwithstanding this settled principle, Employer urges us to consider and enforce the purported terms of the agreement even though the document itself is unavailable for our review and even though no proof was presented during the hearing regarding its terms.

The following colloquy occurred during closing arguments at the expedited hearing:

> Mr. Martin [Attorney for Employer]: [A]n agreement was reached to provide a panel, a panel was provided, the claimant refused to sign and pick one of the doctors off the panel and continued to treat with Drs. Watlington and Bannor. And that's where we ended up in here today. . . . And the agreement was reached amongst the parties – it was not the two attorneys that are here. . . . But the agreement was still binding on the parties . . . .
>
> Trial Court: Do you have a date that the mediated agreement was entered into?
>
> Mr. Martin: December 14 of 2016.
>
> Trial Court: Do you have any disagreement with that date, Ms. Ware?
>
> . . . .

4

Ms. Ware [Attorney for Employee]: That is the date that I have on the one that I have.

. . . .

Trial Court: And we did – by the way – we did check the court file. That was not – I didn't expect it to be, because the mediation folks don't file things like that with the court file. But I will take both counsels' agreement as to the date. And I take it, Ms. Ware, you're not indicating a disagreement that the – there was an agreement?

Ms. Ware: All I know is that there was a notice of mediated agreement provided. Whether it was ever filed, I don't know. I do know that Mr. Burnette was not in agreement with that mediated agreement. So from Mr. Burnette's standpoint, he never reached an agreement on the panel issue.

Employer urges us to consider and enforce the purported terms of the alleged agreement despite the fact that the document is unavailable for our review, and even though Employee has made clear, both in the trial court and on appeal, that he did not agree to the terms contained in the document. In short, no such agreement was presented to the trial court, and no evidence was provided to establish that the parties had any such agreement.

Employer's argument is untenable for several reasons. First, it is undisputed that the alleged agreement was not offered into evidence at the expedited hearing and is not part of the record on appeal. Thus, we have no way to review or confirm the terms of any alleged agreement. Second, no testimony was presented from any witness as to the terms of the alleged agreement or whether any such agreement even existed. Statements of counsel made during closing arguments, of course, are not evidence. *See, e.g.*, *Jones v. Modine Mfg. Co.*, No. 03S01-9703-CV-00028, 1998 Tenn. LEXIS 79, at *5 (Tenn. Workers' Comp. Panel Feb. 18, 1998) ("statements of counsel in the argument stage of a trial do not constitute evidence"). Third, no stipulation was entered into regarding the terms of any mediated agreement or whether such an agreement existed. While counsel for Employee agreed she was in possession of a document with a certain date on it, she stated in no uncertain terms that Employee never agreed to what was reflected in that document.[5]

Thus, we are unable to discern the terms of the alleged agreement, and the parties dispute whether the document referenced during the conversation quoted above reflects any terms agreed to by the parties. As a result, Employer has no reasonable basis to

---

[5] We also note that neither attorney on appeal was involved in the case when the purported agreement was allegedly reached.

assert on appeal that the terms of such an agreement should be enforced, much less that the trial court's decision should be reversed based on such an agreement.[6]

*Designation of Authorized Treating Physicians*

It is a long-settled principle of Tennessee's workers' compensation law that an employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his or her own. "[A]n employer who attempts to claim the benefits of [Tennessee Code Annotated section] 50-6-204 must also comply with the statute." *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 150 (Tenn. 1991). The Tennessee Supreme Court has addressed the issue as follows:

> Where the employer fails to give the employee the opportunity to choose the ultimate treating physician from a panel of at least three physicians, the employer runs the risk of having to pay the reasonable cost for treatment of the employee's injuries by a physician of the employee's choice. Since [the employer] failed to designate three approved physicians, the [employee] was justified in seeking medical treatment elsewhere. [The employer] knew about [the employee's] injury and knew that he was seeking medical care.

*Lindsey v. Strohs Cos.*, 830 S.W.2d 899, 902-03 (Tenn. 1992) (citations omitted). Furthermore, a belated attempt to insist that an injured worker treat with a panel physician after the worker has established a doctor-patient relationship with another physician will not succeed, at least when the employer has pointed to no rationale to require the change in physicians other than an assertion of its statutory right. *See, e.g.*, *Goodman v. Oliver Springs Mining Co.*, 595 S.W.2d 805, 808-09 (Tenn. 1980).

In the present case, Employer had actual knowledge of Employee's heat-related injury as it occurred. Testimony from multiple witnesses confirmed that Employee expressed a need for medical care prior to leaving work and that his condition had steadily worsened, even to the point that he had to be helped to a car because he could not walk on his own. Employer was aware Employee was hospitalized for several days immediately following the incident. Yet, it is undisputed that it did not offer Employee a panel of physicians within a reasonable time following his discharge from the hospital.[7]

Employer argues that it was unaware Employee needed additional medical treatment after he was discharged from the hospital. It also asserts that at least one of

---

[6] Because the agreement at issue was never admitted into evidence or considered by the trial court, we offer no opinion as to whether a "mediated agreement," signed by a Bureau mediator but not signed by either party, is admissible or enforceable.

[7] Employer's offer to provide a panel occurred over five months after the July 8, 2016 incident.

Employee's medical conditions was described by a treating physician as "multifactorial," thus raising reasonable questions of medical causation, at least as to that condition. While we agree that reasonable questions may have been raised regarding the cause of at least one of Employee's medical conditions, we note Employer never asserted that the heat-related incident did not occur or that Employee did not express a need for medical care on the night of the incident. In circumstances where an employer has actual knowledge of a specific incident or set of incidents at work, as in this case, and in the absence of information supporting a compensability defense as to the occurrence of the accident, *see* Tenn. Comp. R. & Regs. 0800-02-14-.04(7) (1999), "the employer *shall* designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2016) (emphasis added). Failure to do so imposes on an employer the risk that it will be held liable for medical treatment obtained from providers of the employee's choice.

In this case, Employer's supervisor had actual knowledge of the incident as it was occurring. He knew Employee was working in an area of the facility that was extremely hot, knew Employee was exhibiting significant symptoms associated with heat exposure, knew Employee expressed a need for medical care, and knew Employee was hospitalized. Under these circumstances, Employer's statutory obligation to provide a panel of physicians was not dependent upon the nature or duration of Employee's hospitalization, his diagnoses, his hospital discharge instructions, or his alleged failure to request additional medical treatment within a reasonable time after being discharged.

Therefore, given Employer's failure to offer Employee a panel of physicians within a reasonable time after it was aware of the work incident, it was not error for the trial court to designate the physicians from whom Employee had received treatment as the treating physicians.[8] Of course, this does not limit Employer's ability to raise questions concerning medical causation, the reasonableness or necessity of treatment, or any other defenses as may be appropriate. However, at this interlocutory stage of the case, we agree with the trial court's determination.

*Frivolous Appeal*

Employee asks that we find Employer's appeal to be frivolous and that sanctions be awarded in the form of attorney's fees and costs. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016) (citing *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978)). Stated another way, "[a] frivolous appeal

---

[8] The trial court referred the case to the Bureau's penalty unit, presumably based on Employer's failure to timely provide a panel of physicians.

7

is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015) (citations omitted).

In *Ferrell v. APAC-Tennessee, Inc.*, No. M1999-02260-WC-R3-CV, 2000 Tenn. LEXIS 722 (Tenn. Workers' Comp. Panel Dec. 1, 2000), the employee offered expert medical proof at trial via a Standard Form Medical Report (Form C-32) and the employer offered no expert proof of its own. *Id.* at *3. The employer did not object to the Form C-32 or seek to schedule a deposition of the employee's expert for purposes of cross-examination. *Id.* at *7. Following trial, the employer appealed, arguing that the evidence did not support the trial court's award. *Id.* The Tennessee Supreme Court's Special Workers' Compensation Panel affirmed the trial court's award and concluded that Employer's appeal was frivolous. *Id.* at *8. In so holding, the Panel explained as follows:

> Appellate courts should not stifle the right to appeal by imposing penalties if a case raises legitimate factual or legal issue[s]. Conversely, the appellate courts should not be timid about imposing penalties for frivolous appeals when there is raised no legitimate factual or legal issue. . . . Where there is no reasonable basis for appeal, penalties should be vigorously applied by the appellate court if the legislative intent is to be given life.

*Id.* at *9-10.

Moreover, parties should not be required to endure the hassle and expense of baseless litigation. *Clark v. Nashville Mach. Elevator Co.*, 129 S.W.3d 42, 50 n.4 (Tenn. 2004). Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success. *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977); *see also* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015) ("When it appears to the appeals board that an appeal was frivolous or taken solely for delay, the appeals board may, either upon motion of a party or of its own motion, award expenses, including reasonable attorney's fees, incurred by the appellee as a result of the appeal.").

In the present case, Employer hinges its appeal on a purported written agreement that was not offered into evidence and not available for review on appeal. Employee's counsel stated during closing arguments at the hearing that Employee did not agree to the terms of the alleged mediated agreement. No exhibits, testimony, or other evidence was offered at the hearing regarding the terms of the alleged agreement, a point the parties readily acknowledged at oral argument.

Moreover, Employer's argument that it should be excused from offering a panel of physicians until five months after the work incident is patently without merit. Employer's representatives were aware of the heat-related incident as it was occurring,

were aware that Employee requested medical treatment, and were aware that Employee was hospitalized. It had a duty to offer a panel of physicians, but failed to do so until five months later, after Employee initiated his claim for benefits.

In short, given that no evidence was offered at trial regarding the terms of an alleged agreement Employer now asks us to enforce, given that the document itself is unavailable for review, and given that Employer has offered no plausible basis to reverse the trial court's decision, Employer's appeal had no reasonable chance of success. We therefore conclude this appeal is frivolous. We remand this case to the trial court for a determination of reasonable attorney's fees and costs to be awarded Employee arising from the frivolous appeal.

### Conclusion

For the foregoing reasons, we affirm all aspects of the trial court's interlocutory order. In addition, we deem this appeal frivolous and remand the case to the trial court for a determination of reasonable attorney's fees and costs to be awarded to Employee arising from this appeal, and for any other proceedings that may be necessary.



**FILED**

**October 31, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:11 A.M.**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| DeWayne Burnette, Sr. | ) | Docket No. 2016-01-0670 |
| | ) | |
| v. | ) | State File No. 87860-2016 |
| | ) | |
| WestRock, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of October, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Carmen Y. Ware | | | | | X | cyware@thewarelawfirm.com |
| Sean W. Martin | | | | | X | swmartin@carrallison.com |
| Ronald W. McNutt | | | | | X | ronald.mcnutt@tn.gov |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov